1

2

3

4

5

6

7

8

9          IN THE UNITED STATES DISTRICT COURT

10        FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12    JASPER BAILEY, G-60744,                    )
                                                 )
13              Petitioner,                      )       No. C 12-1414 CRB (PR)
                                                 )
14        vs.                                    )       ORDER DENYING MOTION
                                                 )       FOR RECONSIDERATION
15    RALPH DIAZ, Acting Warden,                 )
                                                 )       (Docket #71)
16              Respondent.                      )
      _____         )

17

18          This habeas petition was denied on the merits on October 8, 2013, and a

19   certificate of appealability was denied.  Petitioner has filed a motion for

20   reconsideration that the court will construe as a motion to alter or amend the

21   judgment pursuant to  Fed. R. Civ. P. 59(e).

22          A motion to alter or amend judgment under Rule 59 must be made no later

23   than twenty-eight days after entry of judgment.  See Fed. R. Civ. P. 59(e)

24   (effective Dec. 1, 2009).  A motion for reconsideration under Rule 59(e) "'should

25   not be granted, absent highly unusual circumstances, unless the district court is

26   presented with newly discovered evidence, committed clear error, or if there is an

27   intervening change in the law.'"  McDowell v. Calderon, 197 F.3d 1253, 1255

28   (9th Cir. 1999) (citation omitted) (en banc).

Evidence is not newly discovered for purposes of a Rule 59(e) motion if it was available prior to the district court's ruling.  See Ybarra v. McDaniel, 656 F.3d 984, 998 (9th Cir. 2011) (affirming district court's denial of habeas petitioner's motion for reconsideration where petitioner's evidence of exhaustion was not "newly discovered" because petitioner was aware of such evidence almost one year prior to the district court's denial of the petition).

A district court does not commit clear error warranting reconsideration when the question before it is a debatable one.  See McDowell, 197 F.3d at 1256 (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable).

Courts construing Rule 59(e), have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991).  These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Id.

In his motion, petitioner generally repeats the same claims and allegations from his petition that the court analyzed in detail in denying the petition.  To the extent petitioner repeats his allegations that witnesses lied at trial, this is insufficient to warrant amending the judgment.  Nor can the court reverse its judgment so petitioner can attempt to obtain additional evidence as petitioner had much time during trial and his appeals to obtain declarations from several witnesses.  He has still failed to describe the substance of what these witnesses would testify to.  Petitioner has failed to demonstrate any reason to justify altering or amending the judgment and the motion is denied.

2

1

**CONCLUSION**

2      Petitioner's motion fo reconsideration (Docket # 71) is DENIED.

3   SO ORDERED.

4

5   DATED:  Nov. 22, 2013

6                                                    CHARLES R. BREYER
                                                     United States District Judge

7

8   G:\PRO-SE\CRB\HC.12\Bailey, J.12-1414.recon.ab.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                           3